JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Will Abner appeals the trial court's denial of his motion to dismiss, the trial court's issuing a nunc pro tunc order to "correct" his sentence, and the trial court's finding him to be a sexual predator. He argues that at the time the nunc pro tunc order was issued and his sexual predator hearing conducted, he had completed his sentence. We find merit to the appeal in part, vacate the sentence, and remand for resentencing.
 {¶ 2} On June 26, 1975, Abner was indicted on fourteen counts of rape, seven counts of kidnapping, four counts of felonious assault, five counts of aggravated burglary, and one count of attempted rape, arising out of his attack on eleven victims.
 {¶ 3} On October 16, 1975, Abner pled guilty to eight counts of rape (Counts 1, 3, 8, 11, 14, 18, 20, 22), one count of attempted kidnapping (Count 26), and two counts of aggravated burglary (Counts 27, 30). The remaining counts were nolled.
 {¶ 4} On October 17, 1975, the trial court sentenced Abner, stating in its journal entry as follows:
 {¶ 5} "The defendant herein, on a former day of Court, plead guilty to Rape, R.C. 2907.02, as charged in the 1st, 3rd, 8th, 11th, 14th, 18th, 20th, and 22nd counts, and plead guilty to Attempted Kidnapping, R.C. 2905.01 and R.C. 2923.02, as charged in the 26th count of the indictment, and plead guilty to Aggravated Burglary, R.C. 2911.11, as charged in the 27th and 30th count of the indictment, was this day brought into Court, represented by counsel for sentencing. * * *.
 {¶ 6} "Sentence as to counts one, three, eight, eleven, fourteen, eighteen, twenty, twenty-two, twenty-seven and thirty, each for a period of not less than five (5) years, nor more than twenty-five (25) years. Sentence as to count twenty-six, for not less than three (3) years, nor more than ten (10) years, all according to law.
 {¶ 7} "Sentence as to counts one (1) and two (2) to run consecutive to each other, and concurrently with all remaining counts, that are to run concurrently with each other, and with sentence imposed. * * *"
 {¶ 8} No direct appeal from this sentence was filed. The docket indicates that Abner filed a petition for postconviction relief on November 6, 1978, which was denied by the trial court on January 17, 1979. A copy of the petition is missing from the file, but the prosecutor's brief in opposition does not reference any issue regarding the sentence.
 {¶ 9} Pursuant to R.C. 2950.09(C), a hearing was scheduled for February 14, 2002 to determine whether Abner should be classified as a sexual predator. On February 11, 2002, Abner's counsel filed a motion entitled "Motion to Dismiss Sexual Predator Hearing and Defendant's Petition for a Writ of Habeas Corpus and Notice of Expiration of Sentence." Abner argued in this motion that his sentence had expired since the trial court imposed a consecutive sentence on a count that was nolled.
 {¶ 10} On February 14, 2002, prior to the sexual predator hearing, the trial court conducted a hearing to address Abner's contention that his sentence had expired.[1] The trial court found that the former trial judge had intended to run the first two counts consecutively. The trial court had no transcript available to review the original sentencing hearing. The trial court then entered a nunc pro tunc order indicating that counts one and three were to run consecutively.
 {¶ 11} The court conducted the sexual predator hearing and found Abner to be a sexual predator.
 {¶ 12} Abner raises three assignments of error on appeal.
 Expiration of Sentence {¶ 13} In his first assignment of error, Abner contends that the trial court erred by denying his writ of habeas corpus and "Notice of Expiration of Sentence."
 {¶ 14} We find that the trial court's ordering count one to be served consecutively to count two, which was a nolled count, constitutes an illegal sentence because it is impossible to serve a sentence consecutive to a count that has been nolled. Pursuant to former R.C.2929.41(B), which existed at the time Abner was sentenced, "A sentence of imprisonment shall be served consecutively to any other sentence ofimprisonment, in the following cases * * *." Count two did not constitute a "sentence of imprisonment" because it was nolled.
 {¶ 15} A trial court's failure to comply with statutory requirements when imposing a sentence renders the attempted sentence a nullity or void. State v. Beasley (1984), 14 Ohio St.3d 74, 75. The trial court's earlier sentencing order was void because it did not comply with the statutory requirements.
 {¶ 16} The trial court, therefore, correctly denied Abner's motion because the sentence was void. As a result, Abner had not technically been sentenced. The Ohio Supreme Court held in Romitov. Maxwell, Warden (1967), 10 Ohio St.2d 266, 267:
 {¶ 17} "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity (Tari v. State, 117 Ohio St. 481, 498; 31 Ohio Jurisprudence 2d 706, Judgments, Section 250) and the parties are in the same position as if there had been no judgment. Hill v. Hill, 299 Ky. 351, 185 S.W.2d 245, and 30A American Jurisprudence 198, Judgments, Section 45."
 {¶ 18} Abner's first assignment of error is overruled.
 Nunc Pro Tunc Order {¶ 19} Abner contends that the trial court erred by issuing a nunc pro tunc order because the sentencing error did not constitute a clerical error.
 {¶ 20} The trial court's use of a nunc pro tunc order to correct the void sentence was improper. According to State v. Greulich (1988),61 Ohio App.3d 22, 24-25:
 {¶ 21} "A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus, the office of a nunc pro tunc order is limited to memorializing what the trial court actually did at an earlier point in time. * * * It can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors. * * *
 {¶ 22} "A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. Its proper use is limited to what the trial court actually did decide. * * * That, of course, may include the addition of matters omitted from the record by inadvertence or mistake of action taken. * * * Therefore, a nunc pro tunc order is a vehicle used to correct an order previously issued which fails to reflect the trial court's true action."
 {¶ 23} In the instant case, we have no sentencing transcript from which to ascertain the original trial judge's intent in sentencing Abner to consecutive sentences. Although it is plausible that the judge intended to sentence Abner to consecutive sentences on the first two rape counts to which he pled, it is just as plausible he intended the rape counts be served consecutively to count 26, the aggravated burglary count, but merely left off the last digit of the number. Under such circumstances, a nunc pro tunc order was improper because it is impossible to ascertain what the original sentencing judge actually did. Any attempt to correct the sentencing entry would constitute mere guessing and not reflect the "true action" taken in 1975.
 {¶ 24} Under these circumstances, the trial court should have conducted a resentencing hearing with Abner present. Although Abner claims the trial court cannot resentence him once he has begun serving his sentence, the Supreme Court in Beasley, supra, held that the constitutional protection against double jeopardy is not violated where a trial court imposes a sentence which is not authorized by statute and then corrects its own error by resentencing the defendant to a legally proper penalty. Id. at 76. Therefore, since Abner's sentence was void pursuant to the former statute, the trial court can resentence Abner without violating the bar against double jeopardy.
 {¶ 25} Abner's second assignment of error is sustained.
 Sexual Predator Classification {¶ 26} Abner contends in his third assignment of error that the trial court had no authority pursuant to R.C. 2950.09 to determine his sexual predator status once he completed his sentence.
 {¶ 27} As we discussed above, Abner technically has not been sentenced yet and, therefore, could not have completed his sentence. Since Abner has not yet been sentenced, the trial court had the authority to determine his sexual predator classification. R.C. 2950.09(B)(1) provides that "the judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator. The judge shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing required by section 2929.19 of the Revised Code." Therefore, pursuant to this provision, if the sexual offense constitutes a felony, the trial court has the discretion to either determine the sexual predator classification prior to sentencing or at the time of sentencing.
 {¶ 28} Abner's third assignment of error is overruled.
Judgment affirmed in part; sentence vacated and cause remanded for resentencing.
This court finds there were reasonable grounds for this appeal. It is, therefore, considered that said appellant and appellee each pay one-half of the costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J. and ANN DYKE, J. CONCUR IN JUDGMENT ONLY
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The hearing was not conducted by the original sentencing judge because he was no longer a sitting judge.