OPINION
{¶ 1} Appellant, Frank Coughlin, appeals from a jury verdict and sentence of the Ashtabula County Court of Common Pleas convicting him of assault on a police officer and resisting arrest. For the reasons herein, appellant's convictions are affirmed, his sentence modified, and affirmed as modified.
 {¶ 2} On June 9, 2005, Deputy Ted Barger and Deputy Mark Allen of the Ashtabula County Sheriffs Department were dispatched to the Rustic Cove Trailer Park *Page 2 
in Geneva Township. Complaints had been issued by various residents alleging a combative male was wandering in the trailer park vandalizing property. When the deputies arrived, they were directed to a trailer on "Lot 80" where they discovered the source of the complaint, appellant, passed out on concrete steps leading to a trailer. Testimony indicated appellant was shirtless and donned only shorts and tennis shoes. The deputies observed blood on appellant's knuckles and bulges in appellant's pockets. For their safety, the deputies proceeded to search appellant's pockets. Appellant immediately awoke, stood up and, with his fists clenched, began cursing the deputies. The deputies, recognizing appellant's intoxicated condition, identified themselves and asked for appellant's identification. Appellant ignored the deputies and maintained his aggressive posture.
 {¶ 3} For their safety and the safety of the residents, the deputies restrained appellant and placed him on the ground. The deputies attempted to secure appellant's arms and legs to handcuff him. During the struggle, appellant threatened to kill the deputies and indicated "once you take these handcuffs off me I'm going to kick your ass, I'm going to punch you."
 {¶ 4} Once in handcuffs, the deputies attempted to place appellant in Deputy Barger's cruiser. Appellant continued to resist and threaten the deputies. While urging appellant to enter the cruiser, appellant attempted to spit on Deputy Barger. The deputies again took appellant to the ground at which time Barger advised appellant that if he did not "calm down," the deputies would place a hobble tie on him.[1]
Appellant *Page 3 
ignored the warning and continued to threaten the deputies. As a result, Barger approached appellant in an attempt to apply the hobble tie. While attempting to grab appellant's feet, appellant began kicking his legs in the direction of Barger's lower waist and legs. After a struggle, appellant was finally hobble-tied and placed in the cruiser and taken to the Ashtabula County Jail.
 {¶ 5} On August 26, 2003, appellant was indicted on one count of assault on a police officer, in violation of R.C. 2903.13(A)(C)(3), a felony of the fourth degree and one count of resisting arrest, a misdemeanor of the first degree in violation of R.C. 2921.33. On January 9, 2006, prior to trial, the prosecutor, defense counsel, and trial judge convened in chambers to address final evidentiary issues. Defense counsel pointed out that count two the indictment charged appellant with a misdemeanor of the first degree pursuant to R.C. 2921.33; however, the language of the charge corresponded with the elements of R.C.2921.33(A), a misdemeanor of the second degree. The prosecutor conceded that, while the elements were correct, the indictment inaccurately labeled the charge an M-1. In light of this error, the trial judge stated, on record, he would amend the indictment via interlineation to reflect the proper degree of the misdemeanor with which appellant was charged, i.e., an M-2.
 {¶ 6} Trial commenced during which the state presented testimony from Deputy Barger and witness Tammy Heavner while the defense offered no evidence. After closing arguments, the trial court charged the jury with the elements of F-4 assault on a police officer pursuant to R.C.2903.13(A)(C)(3) and M-2 resisting arrest pursuant to R.C. 2921.33(A). The jury returned a verdict of guilty on both counts. A pre-sentence *Page 4 
investigation report was ordered and, on April 20, 2006, appellant was sentenced. Despite its representation that it would amend the indictment and its charge to the jury, the trial court's sentencing entry stated appellant was convicted of F-4 assault on a police officer and M-1 resisting arrest. Appellant was sentenced to six months imprisonment on both counts to be served concurrently.
 {¶ 7} Appellant now appeals and asserts four assignments of error for our review:
 {¶ 8} "[1.] The trial court erred to the prejudice of appellant when it denied his Crim.R. 29 motion to dismiss at the close of the state's case.
 {¶ 9} "[2.] Appellant's conviction is against the manifest weight of the evidence.
 {¶ 10} "[3.] The trial court erred in not amending the indictment to reflect that the charge of resisting arrest was a misdemeanor of the second, not first, degree.
 {¶ 11} "[4.] Appellant's six month prison sentence for misdemeanor resisting arrest is contrary to law."
 {¶ 12} Appellant's first assignment of error argues the trial court erred in failing to grant his Crim.R. 29 motion at the close of the state's evidence.[2]
 {¶ 13} A Crim.R. 29 motion is a test of the sufficiency of the state's evidence. Evidential sufficiency involves an analysis of whether the case should have gone to the jury. See, State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. When examining a claim that there was insufficient evidence to sustain a conviction, the *Page 5 
"inquiry is, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, 273. A verdict will not be disturbed unless the reviewing court finds that reasonable minds could not reach the conclusion drawn by the trier of fact.
 {¶ 14} At trial, appellant conceded he resisted arrest pursuant to R.C. 2921.33(A); hence, we shall restrict our review to appellant's conviction for assault on a police officer. R.C. 2903.13(A)(C)(4) governs the crime of assaulting a police officer. To achieve a conviction under that statute, the state was required to prove, beyond a reasonable doubt, appellant knowingly caused or attempted to cause physical harm to a police officer. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 15} Appellant maintains Deputy Barger's testimony on cross-examination conclusively demonstrates the state failed to prove he knowingly attempted to cause harm to Deputy Barger. In support, appellant points to defense counsel's cross-examination of Deputy Barger. When asked whether appellant was kicking his legs in an attempt to prevent Barger from binding him, the deputy responded, "As soon as I grabbed his legs, that's when he started to kick." Defense counsel followed: "And it's that kicking in an attempt to prevent his legs from being bound, that's the basis of this assault allegation, is it not?" Barger responded "Correct." *Page 6 
 {¶ 16} According to appellant, the foregoing exchange demonstrates his kicking was an attempt to further resist being restrained and not an attempt to harm Barger. In appellant's view, Barger's testimony that appellant kicked as a reaction to the "hobble tie" effectively negates the allegation that appellant knowingly attempted to harm the deputy. We disagree.
 {¶ 17} Appellant's argument is premised upon his contention that his purpose in kicking toward the deputy was to prevent his legs from being tied. However, the test for whether a party acted knowingly requires a disregard of that party's purpose. Here, the evidence demonstrated that Deputy Barger attempted to grab appellant's feet and place the hobble tie around his ankles. While the deputy was wrapping the hobble tie around appellant's ankles, appellant began kicking his legs in the direction of the deputy's lower waist and thighs. Where an officer is situated such that he is able to grab a prone arrestee's ankles and the arrestee kicks at or towards the officer, we believe a reasonable jury could find the arrestee is knowingly attempting to harm the officer pursuant to R.C. 2903.13(A)(C)(3) and R.C. 2901.22(B). Appellant's aggressive and threatening behavior in conjunction with his acts of kicking, objectively indicate he was attempting to cause harm to the officer and, given the officer's proximity, a reasonable person could infer appellant was aware that such circumstances probably existed. We therefore hold the state put forth sufficient evidence to prove beyond a reasonable doubt appellant knowingly attempted to cause physical harm to Deputy Barger.
 {¶ 18} Appellant's first assignment of error is without merit.
 {¶ 19} Appellant's second assignment of error challenges the weight of the evidence upon which his assault conviction rests. When reviewing a claim that the *Page 7 
verdict is against the manifest weight of the evidence, an appellate court examines the entire record, weighs both the evidence and all reasonable inferences, considers witness' credibility, and determines whether in resolving conflicts, the jury clearly lost its way and created such a manifest miscarriage of justice that a new trial is necessary. Thompkins, supra.
 {¶ 20} However, the power to grant a new trial should be exercised only in those exceptional cases in which the evidence weighs heavily against the conviction. State v. Martin (1983), 20 Ohio App.3d 172, 175. Witness credibility rests solely with the finder of fact and an appellate court is not permitted to simply substitute its judgment for that of the jury. State v. Awan (1986), 22 Ohio St.3d 120, 123. As such, the role of the reviewing court is to engage in a limited weighing of the evidence submitted at trial in the interest of determining whether the state properly carried its burden of persuasion. Thompkins, supra, at 390. "[I]f the [e]vidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. State v. Banks, 11th Dist. No. 2003-A-0118,2005-Ohio-5286, at ¶ 33.
 {¶ 21} Appellant's second assignment of error first asserts his conviction is against the weight of the evidence because of purported inconsistencies between witness Tammy Heavner's version of events and Deputy Barger's version of events. Appellant points out that Heavner testified the deputies struggled with appellant for approximately an hour. Barger, on the other hand, testified the incident lasted "maybe half hour, 20 minutes." Appellant further notes Heavner testified appellant actually kicked Barger, while Barger testified appellant merely "kicked towards" him. *Page 8 
 {¶ 22} Although Heavner's and Barger's testimony is not the same, we do not believe the subtle inconsistencies render the verdict against the weight of the evidence. A consistent version of the general thrust of events was provided by both witnesses such that, in our estimation, the state carried its burden of persuasion. In short, the inconsistencies identified by appellant are not so striking or remarkable that the jury's verdict could be considered a miscarriage of justice.
 {¶ 23} Next, appellant argues the jury's verdict regarding the assault on a police officer charge was against the manifest weight of the evidence because the state failed to put forth sufficient, probative evidence that appellant knowingly attempted to harm Deputy Barger. As discussed under appellant's first assigned error, the state put forth sufficient evidence to convict appellant on the assault charge. Deputy Barger testified when he grabbed appellant's feet to apply the hobble tie to appellant's ankles, appellant began to kick in the direction of Barger's lower abdomen and legs. Throughout the episode, appellant was truculent and verbally abusive to the arresting officers. Deputy Barger testified "[o]nce [appellant] woke up, he immediately stood up, started swearing at us, his fists were clenched and came at us in an aggressive manner." Barger further testified appellant threatened to kill, punch, or otherwise maim him. Due to his combativeness and uncooperative behavior, Barger showed appellant the hobble tie and explained "if you don't calm down, I'm going to use this. I'm going to tie your legs up and it's going to hurt. It's not going to be comfortable and, of course, every other word was fuck you or what not." Appellant persisted in his struggle so the deputy moved toward appellant, attempted to grab his feet and tie the device around appellant's ankles. At this point, appellant began to kick at Barger. *Page 9 
 {¶ 24} The evidence indicates appellant was aware of the officer's relative proximity and began to kick at him. Given his hostility, threats, and actions, we hold the evidence militates in favor of appellant's conviction for assault on a police officer.
 {¶ 25} Appellant's second assignment of error lacks merit.
 {¶ 26} Appellant's third assignment of error asserts the trial court erred when it failed to amend the indictment to reflect that the charge of resisting arrest was a misdemeanor of the second degree.
 {¶ 27} Prior to trial, the record reveals defense counsel, the prosecutor, and the trial judge met in chambers to discuss pending motions and other evidentiary issues. One specific issue addressed by defense counsel was the nature of the resisting arrest charge. The following exchange took place on the record:
 {¶ 28} "[DEFENSE COUNSEL]: * * * First, regarding Count Two, the Resisting Arrest charge, that in the Indictment they refer to the count constituting one of a misdemeanor of the first degree. Actually, they indicted Mr. Coughlin on the misdemeanor of the second degree. To be a misdemeanor of the first degree, they have to include to cause actual physical harm to a law enforcement officer. [Sic]
 {¶ 29} "I believe the evidence will establish the deputy suffered no physical harm and they did not allege in the Indictment — the actual language in the Indictment is Section (A) of 2921.33 which no person, recklessly or by force, resist or interfere with the lawful arrest of the person. That's what they indicted him on. That's a misdemeanor of the second degree not misdemeanor of the first degree, as stated in the Indictment. *Page 10 
 {¶ 30} "THE COURT: Well, the evidence may or may not show actual physical harm.
 {¶ 31} "[PROSECUTOR]: I don't anticipate it showing that, Your Honor.
 {¶ 32} "THE COURT: As far as the way the Indictment reads, you agree?
 {¶ 33} "[PROSECUTOR]: I think it should be an M-2. My first thought, when I looked at the indictment, resisting is usually an M-2.
 {¶ 34} "[DEFENSE COUNSEL]: To be M-1 you to have to cause physical harm to the law enforcement officer.
 {¶ 35} "[PROSECUTOR]: The evidence won't show that, so it's all likelihood an M-2.
 {¶ 36} "THE COURT: All right. So, I guess what the Court would do is, I guess, amend the Indictment by interlineations but certainly the jury, assuming that there's evidence on all of the elements, the jury will be instructed on the elements set forth in the Indictment; and, in the event there's a conviction, the Court will note that it's only a second degree misdemeanor not a first degree. * * *"
 {¶ 37} The language of the specific charge under count two of the indictment alleged appellant resisted arrest pursuant to R.C.2921.33(A), a misdemeanor of the second degree. However, the indictment mistakenly labels the charge a misdemeanor of the first degree. Given the conversation in chambers, it is clear the mislabeling was an oversight or a clerical error. Recognizing this, the trial court stated on record that the indictment would be amended.
 {¶ 38} Crim.R. 7(D) empowers a trial court to amend an indictment "in respect to any defect, imperfection, or omission in form or substance, or of any variance with the *Page 11 
evidence, provided no change is made in the name or identity of the crime charged." See, also, State v. O'Brien (1987), 30 Ohio St.3d 122, paragraph two of the syllabus. By implication, "an indictment may be amended to correct a clerical error so long as it does not change the identity of the offense." State v. Earle (1997), 120 Ohio App.3d 457,467.
 {¶ 39} Under the circumstances, the amendment in question would not change the identity of the offense. The indictment reflected the elements of the M-2 charge of resisting arrest; the prosecution conceded the M-2 charge was proper; the evidence introduced at trial corresponded to the elements of the M-2 charge; and the jury was instructed on the elements of M-2 resisting arrest. Although the indictment was not amended in writing (which, for the purpose of clarity, would be preferable), we believe the trial court's representations are the functional equivalent to an oral order or journal entry amending the indictment to reflect the proper charge of M-2 resisting arrest pursuant to Crim.R. 7(D) and Earle, supra. We therefore hold the trial court's statement on record was tantamount to a formal, written amendment.
 {¶ 40} Appellant's third assignment of error is overruled.
 {¶ 41} Appellant's fourth assignment of error alleges the trial court erred when it sentenced him to six months imprisonment for his resisting arrest conviction. We agree.
 {¶ 42} As our preceding analysis demonstrates, appellant was charged, tried, and convicted of M-2 resisting arrest. Trial concluded on January 9, 2006 and, rather than proceeding immediately to sentence, a pre-sentence investigation report was ordered. On April 20, 2006, a sentencing hearing was held after which appellant was *Page 12 
sentenced to an aggregate prison term of six months. However, the trial court's judgment entry on sentence provides:
 {¶ 43} "The defendant has been convicted of Assault on a Police Officer (Count One), a violation of RC 2903.13, a felony of the fourth degree, and of Resisting Arrest (Count Two), a violation of RC 2921.33,a misdemeanor of the first degree." (Emphasis added.)
 {¶ 44} Whether by accident or oversight, the trial court misidentified the degree of the misdemeanor of which appellant was convicted. The trial court continued:
 {¶ 45} "1. The defendant shall serve a stated term of Six (6) months in prison on Count One, for the violation of RC 2903.12, and shall serve a stated term of Six (6) months in prison on Count Two, for the violation of RC 2921.33.
 {¶ 46} "2. The sentences shall be served concurrently." (Sic.)
 {¶ 47} A party convicted of a second degree misdemeanor may be sentenced to a maximum 90 days confinement. Because the trial court misidentified the proper degree of the misdemeanor resisting arrest conviction, it pronounced a sentence which is contrary to law. App.R. 12(B) provides, in relevant part:
 {¶ 48} "* * * where the court of appeals determines that the judgment or final order of the trial court should be modified as a matter of law it shall enter its judgment accordingly."
 {¶ 49} Here, despite the error, appellant suffered no extended term of incarceration, and therefore no actual prejudice. However, because the trial court erred as a matter of law when it imposed sentence on count two, we believe it necessary to modify the sentencing order for purposes of accuracy and consistency. Accordingly, the *Page 13 
trial court's judgment entry on sentence is hereby modified to reflect that (1) appellant's conviction for resisting arrest under Count Two of the indictment was a misdemeanor of the second degree pursuant to R.C.2921.33(A) and (2) the term of confinement for this conviction shall be 90 days, to run concurrently with appellant's conviction under Count One for an aggregate prison term of six months.
 {¶ 50} Appellant's fourth assignment of error has merit and, as such, the trial court's judgment entry is modified as set forth in the foregoing analysis.
 {¶ 51} For the above stated reasons, appellant's first, second, and third assignments of error are overruled. Appellant's fourth assignment of error has merit and, accordingly, we modify the trial court's judgment entry on sentence. Thus, the judgment of the Ashtabula County Court of Common Pleas is modified and affirmed as modified.
DIANE V. GRENDELL, J., concurs,
COLLEEN MARY OTOOLE, J., dissents.
[1] According to Barger, a hobble tie "* * * is like a rope. It's got two clamps on the ends and, of course, if you're handcuffed from behind, you take one end of it, wrap it around the feet, try to bring the legs back toward the buttocks, lower of your back and the other end wrap around the chain between the handcuffs. What it does is try to prevent whoever is in custody from either injuring themselves or somebody else or damaging property." [Sic].
[2] Generally, at a jury trial a party must move for acquittal after the close of the state's evidence and at the close of all evidence. Because appellant did not put forth any evidence, his initial motion sufficed to meet the procedural requirements. *Page 1