## Goodman v. Redford.

(Decided March 2, 1934.)

JOHN E. RICHARDSON, FRANK E. DAUGHERTY and C. L. JONES for appellant.

J. R. WHITE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was the purchaser at a judicial sale of a part of the land sold under the judgment in the action in which the sale was had. He did not comply with the terms of the sale by executing the required sale bonds or taking the land. The land was later sold under the same judgment at a second judicial sale and bringing less than what appellant had bid for it on the first sale, a rule was issued against the appellant, the object of which was to recover from him the difference between his bid and what the land brought at the second sale.

Many issues were raised by the appellant in his response in the effort to fend off the judgment sought against him, none of which need be considered except the following: The land sought to be sold was owned

by nonresidents who were proceeded against by warning order. They never entered their appearance, nor is it shown that they knew of the effort made by the warning order attorney to apprise them of the nature and pendency of the action. The affidavit for the warning order and on which the warning order issued is in these words:

> "The plaintiff states that Haiden T. Dickinson and wife, Mrs. Haiden T. Dickinson, are non-residents of the State of Kentucky, and now believed to be absent therefrom; that the post office address is not known to him."

Subsection 2 of section 58 of the Civil Code of Practice provides that where a warning order is sought on the grounds of the nonresidency of the defendant, the plaintiff must file an affidavit stating inter alia:

> "In what country the defendant * * * resides or may be found, and the name of the place wherein a post-office is kept nearest to the place where the defendant * * * resides or may be found; or unless the affidavit state the affiant's ignorance of such of those facts as he does not know."

The argument is made that although the plaintiff did state that he was ignorant of the post office address of these nonresident defendants, he did not state that he did not know in what country the nonresident defendants resided. It is argued that it is quite possible for a plaintiff to know in what state, and perhaps even in what county, a nonresident resides, and yet be ignorant of the post office address of the nonresident. For instance, he might know that a nonresident resides in the state of Indiana and even perhaps in Marion county thereof, but not know whether such a nonresident resides in Indianapolis or gets his mail at some other post office in that county. And yet, if the plaintiff in such state of case gives the warning order attorney the information as the Code requires to be stated in the affidavit, the warning order attorney, if vigilant and knowing that the nonresident lives in Indiana or perhaps in the county of Marion, might locate the defendant. It is thus argued that this requirement of the Code that the country in which the defendant resides must be stated, if known to the plaintiff, even though the post office address be unknown, has a very important function to perform, and, indeed, in some cases may prevent the fraud-

ulent procurement of a judgment by suppressing the whereabouts of the nonresident defendants with no risk of a prosecution for perjury because of a false affidavit made to obtain the warning order. We are of the opinion that the position taken by appellant is sound. There are a number of opinions by this court, the latest of which is Bowles et al. v. Bowles et al., 249 Ky. 428, 60 S. W. (2d) 985, which hold that the failure to comply with that part of this section requiring the plaintiff to aver that the defendant is "believed to be absent from the state," creates a fatal defect in the affidavit because the whole purpose of the requirements of these affidavits to obtain a warning order is to insure, as far as possible, the notification of the defendant of the nature and pendency of the action, for which reason the provisions for such requirements should be strictly construed. The failure of the plaintiff in the instant case to aver the country in which the nonresident defendants resided or his ignorance of such fact rendered the affidavit fatally defective, and the affidavit being fatally defective, there was no authority for the clerk to issue the warning order. That being true, the nonresident was not before the court on this warning order issued without authority because of the fatal defect in the affidavit. Compare Ely et al. v. United Coal & Coke Co., 243 Ky. 725, 49 S. W. (2d) 1021. The nonresident defendants not being before the court, the judgment under which this sale was had is void, and, being void, the appellant was not obligated to take the land or comply with the terms of the sale which, being true, the judgment entered against him for the difference between his bid and the price which the land later brought was unauthorized.

The judgment is therefore reversed with instructions to dismiss the rule against the appellant.