## Hill. v. Hill.

Jan. 16, 1945.

352

Stephens & Steely for appellant.

R. L. Brown for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming in part, reversing in part.

On July 23, 1942, Bird Hill filed an action for divorce against his wife, Rhoda Hill, alleging abandonment for one year without any cause on his part. A warning order was sought and obtained on the basis of the following allegations in the verified petition:

"He says that he believes that she is absent from Kentucky, that she is in either the state of Ohio or Michigan but he does not now which, neither does he know where a Postoffice is kept nearest where she resides; * * *." The warning order attorney filed his report and after Hill filed his depositions a judgment was entered granting him a divorce on October 31, 1942.

In May following, Mrs. Hill appeared and moved the court to redocket the case for the purpose of settling the property rights between herself and the appellee. Her motion was sustained and she filed an answer, counterclaim and cross petition wherein she denied Hill's abandonment allegations. She attacked the 1942 judgment on the ground of fraud in the obtention of the warning order. She set up her claim to certain property held jointly by herself and the appellee, and asserted also joint ownership in a tract of land which Hill purchased from Ellen and O. L. Arnold, in 1937. She alleged that she had advanced Hill over $900 during and by reason of their marriage. The petition further set forth that Mrs. Hill was well known in Whitley County as the daughter of E. A. Shelton; that she had two brothers, one of them being a deputy county clerk, who worked in and about the court house in Whitley City; and that all three knew her address·and where she was working during the pendency of the action. The grounds set forth for the divorce in the counterclaim were based upon Hill's failure to furnish and adequately provide a home, his indifference toward her and his increased attentions to another woman, all of which made it impossible for her to live with him. Mrs. Hill's testimony on the latter charge is none too strong. However, the material parts of the charge were not denied and in themselves were sufficient to counteract the claim of the husband that Mrs. Hill left him without fault on his part.

It is insisted the judgment awarding appellee a divorce was void, because the petition did not substantially comply with sections 57 and 58 of the Civil Code of Practice in respect to the warning order. It neither charged that Mrs. Hill was a nonresident nor that she had been absent from the state for four months. The charge was made that Hill could not and therefore did not state that Mrs. Hill was a nonresident because she continued to maintain Whitley County as her home and also that he could not say she had been absent from the state for four months because he had talked with her in Whitley County less than two months before the action was filed.

The final judgment validated the former judgment giving Hill an absolute divorce; awarded Mrs. Hill a one-half interest in all the property where her name appeared as a joint owner; adjudged Hill to be the sole

owner of the Arnold tract; and awarded Mrs. Hill $600 for "alimony and support and for money furnished the plaintiff during the existence of the marriage."

Mrs. Hill is appealing from all of the judgment, except the part which awarded her a one-half interest in the property held jointly, and Hill has cross-appealed from the part awarding Mrs. Hill alimony.

The contention that the first judgment was void is not without merit. We have already noted the defects in the allegations for a warning order, in that it was neither alleged that Mrs. Hill was a nonresident nor that she had been absent from the state four months. The clerk was not authorized to issue the order. It has been pointed out frequently that there must be a substantial compliance with sections 57 and 58 of the Civil Code of Practice in order to give the court jurisdiction. In the case at bar there was the mere allegation that Mrs. Hill was absent from the state. That was insufficient to give the court jurisdiction. Bond v. Wheeler, 197 Ky. 437, 247 S. W. 708. A void judgment is a complete nullity and leaves the parties in the same position as if no judgment had been entered. Such a judgment can not be validated by subsequent proceedings instituted for that purpose, or by appeal or in any other manner. It follows, therefore, that the chancellor erred in validating the judgment granting Hill an absolute divorce.

Hill's testimony is insufficient to authorize the granting of a divorce to him on the grounds alleged in his petition. While the evidence for Mrs. Hill is not as strong as it could be, we are of the opinion it is sufficient to authorize the granting of a divorce to her and the chancellor is directed to enter a judgment accordingly.

Hill purchased the Arnold tract of land in his own name. While on his way home after the deal was consummated he wrote in the name of his wife as one of the grantees. After the judgment granting him a divorce was entered, Hill erased Mrs. Hill's name from the deed and had it recorded in his own name. It is contended that Mrs. Hill became a joint owner of the Arnold tract, in view of what has just been said. Her counsel insists the name of a grantee may be inserted any time before or after delivery of a deed, so long as it does not constitute a fraud upon the grantor; but this is true only when the person filling in the name has authority from the

grantor or is instructed by him to do so. Hill took all the title from Arnold and the only way he could vest any part of it in his wife was to convey it to her by deed. The mere writing in of her name as one of the grantees by him was insufficient.

There is conflicting evidence as to the physical and financial condition of both parties. The appellee insists that Mrs. Hill is well educated and capable of making a comfortable living, and, in fact, had been making more than $8.00 a day in a war plant. Mrs. Hill's testimony, which is supported by that of her physician, is that she is frail and in ill health. According to her testimony, Hill is skilled in mining, bookkeeping and salesmanship, and is in good health; and therefore able to assist her with more alimony than was allowed her by the chancellor; but his testimony, which is supported by that of his physician, shows he had been unable to work for several months because of a bad heart and high blood pressure. He urges that, in view of his physical condition and his limited financial resources, no award of alimony is justifiable. Likewise, there is conflict in the evidence as to the amount of money Hill obtained from his wife and what was done with it. Under the circumstances we are unable to say we have more than a doubt as to the correctness of the chancellor's ruling on this phase of the case.

The judgment is affirmed in part and reversed in part on the appeal, and affirmed on the cross-appeal.