# Hill v. Hill.

June 19, 1945.

R. L. Brown and W. R. Henry for appellant.

Stephens & Steely for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

On the first appeal of this case, Hill v. Hill, 299

Ky. 351, 185 S. W. 2d 245, we reversed the part of the judgment which awarded Bird Hill a divorce from Rhoda Hill because the divorce judgment was void, and directed that Mrs. Hill be awarded a divorce. However, we affirmed the part of the judgment which awarded Mrs. Hill a one-half interest in all property which she and her husband owned jointly; the part which held that Bird Hill was the owner of a tract of land referred to as the Arnold tract; and also the part which awarded Mrs. Hill $600 for alimony and support, and for money which she furnished her husband during the existence of the marriage. The record on the former appeal showed that the Arnold tract had been purchased by Hill in 1936 for $900. When he gave his deposition on October 4, 1943, he said on cross-examination that the tract was worth $1,000. The record contains no further proof as to the value of that tract of land. In a petition for rehearing Mrs. Hill asked that the case be remanded in order that she might be allowed to introduce proof showing that Hill had contracted to sell the Arnold tract in October, 1944, for the sum of $3,500. The judgment from which the original appeal was prosecuted was entered January 22, 1944. Mrs. Hill's petition for rehearing was overruled. When the mandate was filed she filed a petition for a new trial.

The following paragraphs from the petition show the ground upon which the new trial was sought:

"Comes now the defendant, Rhoda Hill and for her amended answer, counterclaim and petition for new trial herein states that since the rendition of the judgment herein and on or about the 23rd day of October, 1944, it was discovered by her that the tract of land described in this record as the Arnold Farm, was not worth the nine to ten hundred dollars as testified by the plaintiff herein but that the said farm had been contracted and sold by the plaintiff to Leslie Gibbs for the sum of $3,500, deed for which was to be made and payments therefor upon the termination of this action.

"Defendant states that the plaintiff at the time of his testimony as to the value concealed from the court the true value of the said land by stating the value thereof to be only the amount stated herein and in his deposition in this case. She says that she could not have discovered the true value of said farm at the time of the

giving of her deposition herein and that the knowledge of its value was well known to the plaintiff and that this new evidence is material for her and that same could not, with reasonable diligence, have been discovered and produced at the trial.''

It was stipulated that on October 27, 1944, Hill contracted to sell the property for $3,500. The chancellor set aside so much of the judgment on which the original appeal was based as awarded Mrs. Hill $600 and allowed her in lieu thereof the sum of $1,750.

In urging reversal Hill insists the property rights of the parties were settled on the first appeal of the case and that the chancellor was not warranted in reopening the case. We believe Hill's contention is well grounded.

There is no charge of fraud which would warrant the granting of a new trial under section 518 of the Civil Code of Practice; nor do we believe that the newly discovered evidence as to the value of the property is such as would warrant the reopening of the case on that ground. In the original action the value of Hill's estate was an issue before the Court. As pointed out heretofore, that record showed the Arnold tract was purchased in 1936 for $900, and, in answer to questions propounded by Mrs. Hill's attorney in 1943, Hill said the tract was worth $1,000. True it is he contracted a year later to sell the land for $3,500, this being some nine months after the original judgment was entered, but many things could have happened, and as a matter of common knowledge did happen, between October 1943 and October 1944, to enhance the value of lands, especially those having timber thereon, because of the great demand for timber in the war effort. The land and timber were open to the inspection of anyone, and it would have been a relatively simple matter for Mrs. Hill's counsel to have taken additional proof as to the value of the tract if he had felt that Hill had undervalued it. Hill may have placed too low a value on the land in 1943, but there is nothing in the record to show that he sought by fraudulent means to conceal the value of his estate. Many things could happen to enhance the value of a tract of land in a year's time, for instance, the discovery of oil or other minerals, or a sharp increase in the value of timber. We do not mean to say that, if one, in testifying as to the value of his estate, deliberately conceals some

of his assets, or seeks by fraudulent means to misrepresent its value, a situation might not exist where a new trial would be warranted, but we do not believe the record before us presents such a case.

Under the circumstances, we think the judgment should be and it is reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.