**v.**

**CABINET FOR HUMAN RESOURCES, Commonwealth of Kentucky; M.M.H.; J.C.V.; and M.V.G.V., Appellees.**

Court of Appeals of Kentucky.

Feb. 28, 1986.

Richard L. Receveur, Louisville, for appellant.

W. Kimble Moore, Human Resources, Frankfort, for Cabinet for Human Resources.

Nicholas King, Louisville, for Children.

Before CLAYTON, McDONALD and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from a denial by the Jefferson Circuit Court of the appellant's motion to vacate a judgment which had terminated his parental rights.

T.V.B. is the natural mother of four children born out of wedlock: M.M.H., J.C.V., M.V.G.V., and J.N.V.; the first three were fathered by the appellant, W.G.H., and the last one by P.B. On January 13, 1983, the

Cabinet for Human Resources (CHR) filed a petition to terminate the parental rights of T.V.B., P.B. and the appellant. The petition stated that the whereabouts of the appellant were unknown and requested that a warning order attorney be appointed to inform him of the action. The allegations of the petition were verified by a social services worker for CHR.

A warning order attorney was appointed and he sent the appellant a letter addressed "Jefferson County, Kentucky, c/o General Delivery." The letter was subsequently returned by the post office due to an insufficient address. In March of 1984, a two-day hearing was held on the issue of whether the parental rights of T.V.B., P.B., and the appellant should be terminated. The appellant, who had never received actual notice of the hearing, was not present; however, the warning order attorney made an appearance on his behalf and also submitted a brief to the court asserting the appellant's rights. On September 6, 1984, the circuit court terminated the parental rights of T.V.B., P.B., and the appellant. The appellant subsequently learned of the action and made a motion on October 25, 1984, to vacate the judgment. After a hearing in which the appellant was allowed to testify and call witnesses, the court denied the motion.

The appellant contends that he was not properly served under CR 4.06 and 4.07, and that as a result, the judgment rendered against him is void.

When a defendant's place of residence is unknown, he may be constructively served by means of a warning order. CR 4.05(e). A defendant constructively summoned shall be *deemed* to have been summoned on the 30th day after the entry of a warning order, *see* CR 4.08, and, therefore, he can be bound by a judgment rendered against him even though he did not have actual knowledge of the action. However, for the judgment to be binding, certain requirements set forth in CR 4.06 and 4.07 must be met. The appellant claims that an affi-

davit meeting the requirements of CR 4.06 was not filed in this case. While it is true that a verified petition as opposed to an affidavit was filed, we believe that a verified complaint or petition constitutes a proper affidavit if it contains the other necessary elements set forth in CR 4.06. Here the petition was verified by a CHR employee who had been assigned to the children and had actual knowledge of the allegations. This being the case, a separate affidavit was not necessary.

■ Whether the verified complaint contained the other necessary elements as required by CR 4.06 is another question. CR 4.06 states in relevant part that "[t]he affiant shall state the last known address of the defendant ... *or shall state his ignorance of such of those facts as he does not know.*" CHR claims that it has complied with this provision by merely stating that the whereabouts of the appellant were unknown. We disagree. The purpose of putting the defendant's last known address in the warning order affidavit is to give the warning order attorney some idea as to where to begin looking for the defendant. The lone statement that the defendant's whereabouts are unknown speaks only to the defendant's *present* whereabouts and does not give any information as to his last known address. As such, it fails to comply with CR 4.06. In this case, even though the appellant's present whereabouts might have been unknown, if his last known address had been stated, the warning order attorney would have been furnished with a starting point with which to begin his search for the appellant.[1] Without a previous address, the warning order attorney had no idea where to begin looking for the appellant. Perhaps there could be a case in which no present or former address is known; but if this is the case, we believe that the language of CR 4.06 mandates that it be clearly stated in the warning order affidavit or verified complaint. Otherwise, as was the case here, the mere statement that the defendant's where-

---

1. Appellant's counsel stated at oral argument that it was brought out during the hearing on

the appellant's motion to vacate that the appellant's last known address was with his sister.

abouts are unknown leaves it unclear as to whether or not any former address is known. The requirements of CR 4.06 should be strictly construed, *see Goodman v. Redford*, 253 Ky. 707, 70 S.W.2d 10 (1934), and if the affidavit is deficient, the court does not obtain jurisdiction over the party constructively summoned. *See Miller v. Hill*, 293 Ky. 242, 168 S.W.2d 769 (1943).[2] CHR, by only stating that the appellant's whereabouts were unknown, did not properly comply with CR 4.06.[3]

■ The appellant also contends that the warning order attorney did not use "diligent efforts" to inform him of the action as is required under CR 4.07(1). While we commend this attorney for his defense of the appellant, we must also state that his efforts in locating the appellant were not so commendable. To our knowledge, this attempt consisted only of sending a letter to the appellant addressed "Jefferson County, Kentucky, c/o General Delivery." We realize that initially this attorney did not have much information on which to proceed, but it does not seem too heavy a burden, for example, for him to have contacted T.V.B. to inquire what, if any, relatives the appellant might have and to attempt to learn through a relative where he might be located. Even if the appellant had been contacted after the thirty days allowed under CR 4.08 had run, under CR 4.10 he could have appeared and set forth a defense up until the time a judgment was entered (which in this case was twenty months after the petition was filed). On the basis of the evidence before us, we do not believe that the requisite diligence was used by the warning order attorney.

■ While it is not the custom of this Court to give advisory opinions, we feel we must mention a problem that was very prevalent in this case, and one which will occur again if not addressed. That problem is what appears to be CHR's casual attitude in determining the location of a missing parent in a parental termination case. It was technically true that CHR did not know the whereabouts of the appellant, but it made a very feeble effort to ascertain it.[4] CHR apparently intended to do as little as it could in the way of locating the appellant while still complying with the constructive notice provisions of CR 4.06. Considering the seriousness of an action which involuntarily terminates a person's parental rights, *see Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), we feel that CHR should employ something more than casual efforts to locate an absent parent. When, as here, there is improper service in a parental termination action due to the lack of diligence in locating the other party, it is inevitably the children who are hurt the most as their return to a family of their own, either through the custody of a parent or adoption, must wait. Honest efforts to fulfill both the spirit as well as the letter of the law would solve this problem.

Since the requirements of CR 4.06 and CR 4.07 were not met, the appellant was not properly served and, therefore, the judgment rendered against him is void. *See Hill v. Hill*, 299 Ky. 351, 185 S.W.2d 245 (1945). It is with great regret that we reverse the lower court's decision because we realize it is the appellant's three children who will suffer most from this decision. We also note that this decision does not affect the portion of the judgment terminating the parental rights of T.V.B. or P.B., nor does it affect the status of J.N.V. since he is not a child of the appellant.

---

**2.** We note that these cases were rendered prior to the adoption of the Civil Rules in 1953, but since CR 4.06 is based upon old Civil Code 58, we feel that these decisions are still applicable. We also note that there is authority for the proposition that only substantial compliance with CR 4.06 is necessary. *See Hill v. Hill*, 299 Ky. 351, 185 S.W.2d 245 (1945).

**3.** We believe this to be the case regardless of which standard, strict compliance or substantial compliance, is used.

**4.** The attempts consisted only of asking T.V.B. if she knew the appellant's address and scanning the telephone book. It did not try to obtain any information from T.V.B. concerning the appellant's parents or other family members.

The judgment of the circuit court terminating the appellant's parental rights is vacated and this matter is remanded so that he can be given a hearing on the merits.

Further, pursuant to 2.(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.