THE STATE OF OHIO, APPELLEE, *v.* FISCHER, APPELLANT.

[Cite as *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.]

*Criminal law — Sentencing — Postrelease control — Sentences that do not include statutorily mandated term of postrelease control are void — Such sentences are not precluded from appellate review by principles of res judicata, including doctrine of the law of the case — They may be reviewed at any time, on direct appeal or by collateral attack.*

(No. 2009-0897 — Submitted March 30, 2010 — Decided December 23, 2010.)

APPEAL from the Court of Appeals for Summit County, No. 24406,

181 Ohio App.3d 758, 2009-Ohio-1491.

_____

SYLLABUS OF THE COURT

1. A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.

2. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)

3. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

4. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.

_____

**O'CONNOR, J.**

{¶ 1} In this appeal, we again address questions arising from a sentencing court's failure to impose postrelease control as mandated by the General Assembly.  A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.  Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

**Relevant Background**

{¶ 2}  In 2002, a judge sentenced appellant, Londen K. Fischer, to an aggregate term of 14 years' imprisonment for aggravated robbery, felonious assault, having a weapon while under disability, and two counts of aggravated burglary, all with firearms specifications.  A timely direct appeal followed, and his convictions were affirmed by the court of appeals.  *State v. Fischer*, Summit App. No. 20988, 2003-Ohio-95, 2003 WL 118470 (rejecting sufficiency-of-the-evidence claims and *Batson* challenges).

{¶ 3}  Several years later, Fischer successfully moved pro se for resentencing after this court issued its decision in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961 (holding that a sentence that omits a statutorily mandated postrelease term is void) because he had not been properly advised of his postrelease-control obligations.  Thereafter, the trial court properly

2

notified Fischer of those obligations and reimposed the remainder of the sentence. Fischer appealed.

{¶ 4} On appeal, he asserted that because his original sentence was void, his first direct appeal was "not valid" and that this appeal is in fact "his first direct appeal" in which he may raise any and all issues relating to his conviction. *State v. Fischer*, 181 Ohio App.3d 758, 2009-Ohio-1491, 910 N.E.2d 1083, ¶ 4 and 5. The court of appeals rejected his claim, holding that the appeal was precluded by the law-of-the-case doctrine. Id. at ¶ 7-8.

{¶ 5} We granted discretionary review of a single proposition arising from the appeal: whether a direct appeal from a resentencing ordered pursuant to *State v. Bezak* is a first appeal as of right. *State v. Fischer*, 123 Ohio St.3d 1410, 2009 -Ohio-5031, 914 N.E.2d 206. We hold that it is not.

## Analysis

## I

{¶ 6} We begin with simple premises. "In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 12. But those statements of law have sparked a recurrent and increasingly divisive debate in our case law on sentences that fail to properly impose postrelease control in accordance with the terms mandated by the General Assembly.

{¶ 7} The crux of our debate arises from the fact that in the normal course, sentencing errors are not jurisdictional and do not render a judgment void. *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 449-450, 674 N.E.2d 1383; *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038.

Rather, void sentences are typically those in which a court lacked subject-matter jurisdiction over the defendant. *Payne.*

{¶ 8} But in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void. See, e.g., *Simpkins,* at ¶ 14; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774; *Colegrove v. Burns* (1964), 175 Ohio St. 437, 25 O.O.2d 447, 195 N.E.2d 811. See also *Woods v. Telb* (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103.

{¶ 9} Although our case law on void judgments was rooted in cases in which courts lacked subject-matter jurisdiction, it evolved beyond those roots over the years. By the time we decided *Beasley,* it had developed into the principle that "[a]ny attempt by a court to disregard statutory requirements * * * renders the attempted sentence a nullity or void." Id., 14 Ohio St.3d at 75, 14 OBR 511, 471 N.E.2d 774. And although *Beasley* may be recognized more for the principle that jeopardy does not attach to a void sentence, and thus the correction of a void sentence would not constitute double jeopardy, id., its underlying principles governing void sentences formed the basis for our holding in *Jordan*, a postrelease-control case.

{¶ 10} In *Jordan,* we recognized that "[t]he court's duty to include a notice to the offender about postrelease control at the sentencing hearing is the same as any other statutorily mandated term of a sentence. And based on the reasoning in *Beasley*, a trial court's failure to notify an offender at the sentencing hearing about postrelease control is error." *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 26. We held that "[b]ecause a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law. As a general

rule, if an appellate court determines that a sentence is clearly and convincingly contrary to law, it may remand for resentencing. See R.C. 2953.08(G)(2). Furthermore, where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is, likewise, to resentence the defendant. *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774." (Footnote omitted.) *Jordan* at ¶ 23. We then vacated the entire sentence and remanded for resentencing. Id. at ¶ 28.

**{¶ 11}** Three years after *Jordan*, we issued our decision in *Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. *Bezak* is significant in that it was the most divisive decision by the court in the contexts of void and voidable judgments and nonconforming postrelease-control sentences.

**{¶ 12}** There, a majority held that when a court of appeals remands a case for resentencing because of the trial court's failure to inform the offender at the sentencing hearing that he may be subject to postrelease control, the court must conduct a new sentencing hearing in its entirety rather than a hearing limited to reimposing the original sentence with proper notice of postrelease control. Id. at ¶ 6. In so holding, the majority in *Bezak* indicated that it found *Jordan* dispositive. Id. at ¶ 12. But the majority also relied heavily on *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267-268, 39 O.O.2d 414, 227 N.E.2d 223, for the proposition that the effect of a void judgment is that the judgment is a nullity, and the parties are in the same position as if there had been no judgment. *Bezak* at ¶ 12-13.

**{¶ 13}** *Romito*, a habeas case from 1967, was in many ways inapposite to *Bezak*. Romito was a habeas petitioner and recidivist offender who had been convicted of armed robbery and repeated instances of burglary between 1941 and 1957. All of those offenses led to imprisonment, as well as an indictment as a habitual criminal, to which he pleaded guilty and was sentenced to 15 years, "that being the statutory maximum for his last prior conviction for burglary." *Romito* at 266. The habitual-criminal enhancement was declared void, however, and he then

sought habeas relief and release from confinement on the underlying burglary sentence, which he asserted had also been voided. Id. Although Romito remained in custody lawfully under a prior valid sentence for other offenses, the court agreed that "[t]he vacation of the prior burglary sentence in the instant case was an integral part of the habitual criminal proceedings, and when such habitual criminal proceedings were declared void the vacation of the burglary sentence was also voided." Id., 10 Ohio St.2d at 267-268, 39 O.O.2d 414, 227 N.E.2d 223.

{¶ 14} The court in *Romito* supported that conclusion by relying on *Tari v. State* (1927), 117 Ohio St. 481, 159 N.E. 594, and *Hill v. Hill* (1945), 299 Ky. 351, 185 S.W.2d 245. Though different from each other, both *Tari* and *Hill* presented quintessential jurisdictional questions. Thus, *Romito* represents the historic, narrow view of void judgments, which is limited to the class of cases in which jurisdiction, rather than statutory sentencing mandates, is implicated. See *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶ 4-7 (noting early Ohio Supreme Court cases treating sentences that did not conform to mandatory prison terms as voidable rather than void).

{¶ 15} Based on the language from *Romito*, the majority in *Bezak* rejected the appellate court's ruling that the sentence in *Bezak* should be remanded to the trial court so that the defendant " 'may be advised that he is subject to post-release control.' " *Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 13, quoting *State v. Bezak,* Cuyahoga App. No. 84008, 2004-Ohio-6623, ¶ 41. In doing so, it quoted and applied the language from *Romito* and held that the effect of vacating the sentence was to position the parties in the same place as if there had been *no* sentence. Id. at ¶ 12.

{¶ 16} That conclusion required the majority to distinguish the decision in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, which holds that a sentencing hearing on remand is limited to the issue found to be in error on the appeal. Id. at paragraph three of the syllabus. To do so, the majority

narrowly read *Saxon* to apply only to multiple-offense cases and not to defendants such as Bezak, who had been convicted of only one offense. Yet the majority still applied *Romito*, a far more complicated case than *Saxon*, and one that arose from multiple convictions for multiple offenses. Id. at ¶ 13. Notwithstanding that analytical inconsistency, the majority in *Bezak* then summarily concluded, "Therefore, Bezak's entire sentence was vacated upon the court of appeals' decision to sustain his one assignment of error." Id. It dispensed with any applicability of *Saxon* to the issue presented in *Bezak.* Nor did it consider cases or doctrines that reflected the rationales at issue in *Saxon*.

{¶ 17} As the first dissenting opinion in *Bezak* observed, "[j]ust as *Saxon* held that a complete resentencing is not required when a defendant on appeal prevails on a challenge only as to one offense in a multiple-offense case, a complete de novo resentencing is not required when a defendant prevails only as to the postrelease-control aspect of a particular sentence. In this situation, the postrelease-control component of the sentence is fully capable of being separated from the rest of the sentence as an independent component, and the limited resentencing must cover only the postrelease control. It is only the postrelease-control aspect of the sentence that is void and that must be rectified. The remainder of the sentence, which the defendant did not successfully challenge, remains valid under the principles of res judicata. See *Saxon* [109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824], at ¶ 17-19." *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 21-22 (O'Connor, J., dissenting, joined by Lundberg Stratton, J.). See also id. at ¶ 31 (Lanzinger, J., dissenting) ("I believe this holding [in *Bezak*] undermines the principles of res judicata that we discussed in [*Saxon*]").

{¶ 18} Although neither the majority nor the dissents in *Bezak* discussed it at the time, the scope of the remand in *Bezak* was a critical aspect of void

judgments. And so it is at this juncture that we revisit that law before proceeding further.

## II

**{¶ 19}** As described at the outset of our analysis, our debate over whether the failure of a sentencing judge to comply with a statutory mandate renders the ensuing judgment void arises from our disagreement over the narrow, historic view that limits void judgments to cases in which the court acts without jurisdiction. See generally *Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 42-43 (Lanzinger, J., dissenting).

**{¶ 20}** But in the modern era, in which we have a more sophisticated understanding of individual rights, we have not so severely limited the notion of void judgments to only those judgments that arise from jurisdictional cases. See, e.g., *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 103-104. The historic, narrow view does not adequately address the constitutional infirmities of a sentence imposed without statutory authority.

**{¶ 21}** The majority's decision to include sentences that disregard legislatively imposed mandates within a narrow class of void judgments reflects a fundamental understanding of constitutional democracy: judges are not imperial. We recognize that our authority to sentence in criminal cases is limited by the people through the Ohio Constitution and by our legislators through the Revised Code.

**{¶ 22}** Judges have no inherent power to create sentences. Griffin & Katz, Ohio Felony Sentencing Law (2008) 4, Section 1:3, fn. 1. See also *Woods v. Telb*, 89 Ohio St.3d at 507-509, 733 N.E.2d 1103 (describing the legislative intent behind a new, comprehensive sentencing structure, including postrelease control). Rather, judges are duty-bound to apply sentencing laws as they are written. See *State v. Thomas* (1996), 111 Ohio App.3d 510, 512, 676 N.E.2d 903. "[T]he only sentence which a trial court may impose is that provided for by

statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." *Colegrove*, 175 Ohio St. at 438, 25 O.O.2d 447, 195 N.E.2d 811. The failure to impose a statutorily mandated period of postrelease control is more than administrative or clerical error. It is an act that lacks both statutory and constitutional authority.

**{¶ 23}** No court has the authority to impose a sentence that is contrary to law. *Colegrove*, 175 Ohio St. at 438, 25 O.O.2d 447, 195 N.E.2d 811. We reaffirm that vital principle today and reiterate that a judge must conform to the General Assembly's mandate in imposing postrelease-control sanctions as part of a criminal sentence. Although the interests in finality of a sentence are important, they cannot trump the interests of justice, which require a judge to follow the letter of the law in sentencing a defendant.

**{¶ 24}** Other states' courts hold similarly, using the voidness doctrine as well as a related theory, the illegal-sentence doctrine.[1] See, e.g., *Summers v. State* (Tenn.2007), 212 S.W.3d 251, 256 (describing a sentence imposed in direct contravention of a statute as illegal and subject to correction at any time); *State v. Gayden* (2006), 281 Kan. 290, 292-293, 130 P.3d 108 ("A sentence for which no statutory authority exists does not conform to statutory provisions and is, therefore, within the definition of an illegal sentence"); *Sullivan v. State* (2006), 366 Ark. 183, 234 S.W.3d 285 ("Where the law does not authorize the particular sentence pronounced by a trial court, the sentence is unauthorized and illegal"); *Mizell v. State* (Tex.Crim.App.2003), 119 S.W.3d 804, 806 ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal"); *United States v. Greatwalker* (C.A.8, 2002), 285 F.3d 727,

---

1. The term "illegal" generally means "forbidden by law." Black's Law Dictionary (9th Ed.2009) 815. It accurately summarizes a judge's action in failing to do what the General Assembly has commanded with respect to postrelease control.

729 ("A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime").

{¶ 25} "A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.' " *Edwards v. State* (1996), 112 Nev. 704, 708, 918 P.2d 321, quoting *Allen v. United States* (D.C.1985), 495 A.2d 1145, 1149. It is, however, an appropriate vehicle for raising the claim that a sentence is facially illegal at any time. Id. The scope of relief based on a rule, like Fed.R.Crim.P. 35, is likewise constrained to the narrow function of correcting only the illegal sentence. It does not permit reexamination of all perceived errors at trial or in other proceedings prior to sentencing. See, e.g., *Hill v. United States* (1962), 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417.

{¶ 26} We similarly hold that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside.[2] Neither the Constitution nor common sense commands anything more.

{¶ 27} This principle is an important part of the analysis of void sentences that we have not focused upon in prior cases involving postrelease control, including *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Thus, we reaffirm the portion of the syllabus in *Bezak* that states "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that

---

2. The current version of Fed.R.Crim.P. 35(a) permits correction of a sentence only for "clear error" within 14 days of sentencing. But the original version of the rule permitted correction of an illegal sentence "at any time," and the *prior* version of the rule continued the law as it existed when the rule was adopted in 1944. See Advisory Committee Notes to Fed.R.Crim.P. 35(a).

offense is void," but with the added proviso that only the offending portion of the sentence is subject to review and correction.

{¶ 28} However, we now modify the second sentence in the *Bezak* syllabus as ill-considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which postrelease control was not imposed properly. 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. It does not recognize a principle that we overlooked in *Bezak*: when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.

{¶ 29} Therefore, we hold that the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control. In so holding, we come more into line with legislative provisions concerning appellate review of criminal sentences. R.C. 2953.08(G)(2)(b) permits an appellate court, upon finding that a sentence is clearly and convincingly contrary to law, to remand for resentencing. But a remand is just one arrow in the quiver. R.C. 2953.08(G)(2) also provides that an appellate court may "increase, reduce *or* otherwise modify a sentence * * * *or* may vacate the sentence and remand the matter to the sentencing court for resentencing." (Emphasis added.) Correcting a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion. See, e.g., *State v. Winters* (July 22, 1982), Cuyahoga App. No. 42799, 1982 WL 2499, *3; *State v. Coughlin*, Ashtabula App. No. 2006-A-0026, 2007-Ohio-897; *State v. Gimbrone*, Montgomery App. No. 23062, 2009-Ohio-6264; *People v. Kelly* (1965), 66 Ill.App.2d 204, 211, 214 N.E.2d 290; *State v. Sheppard* (A.D.1973), 125 N.J.Super. 332, 336, 310 A.2d 731; *Harness v. State* (2003), 352 Ark. 335, 339, 101 S.W.3d 235.

**{¶ 30}** Correcting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for a void sentence. Here, we adopt that remedy in one narrow area: in cases in which a trial judge does not impose postrelease control in accordance with statutorily mandated terms. In such a case, the sentence is void. Principles of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.

**{¶ 31}** Our decision today is limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control. In cases involving postrelease control, we will continue to adhere to our narrow, discrete line of cases addressing the unique problems that have arisen in the application of that law and the underlying statute. In light of the General Assembly's enactment of R.C. 2929.191, it is likely that our work in this regard is drawing to a close, at least for purposes of void sentences. Even if that is not the case, however, we would be ill-served by the approach advocated by the dissent, which is premised on an unpalatable and unpersuasive foundation.

## III

**{¶ 32}** With the law and scope of the question before us today now clarified, we turn to the specific question posed in this appeal, as reframed in our new language: is a direct appeal from a resentencing on a remand from an appeal finding that a sentence was void the "first" direct appeal as of right because the first appeal was a "nullity"? Like the court of appeals, we answer that question in the negative.

**{¶ 33}** The court of appeals correctly ruled that Fischer, having already had the benefit of one direct appeal, could not raise any and all claims of error in a second, successive appeal. 181 Ohio App.3d 758, 2009-Ohio-1491, 910 N.E.2d 1083. The court of appeals based its decision on the law-of-the-case doctrine, which provides that "the decision of a reviewing court in a case remains the law

of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410.

{¶ 34} Other state supreme courts have used the law-of-the-case doctrine in cases of illegal sentences. See, e.g., *Brittingham v. State* (Del.1998), 705 A.2d 577, 579. The doctrine retains its vitality in Ohio. In discussing the doctrine, we have held that it "precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal" and noted that "[n]ew arguments are subject to issue preclusion, and are barred." *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404-405, 659 N.E.2d 781.

{¶ 35} The law-of-the-case doctrine is rooted in principles of res judicata and issue preclusion, and we have expressly disfavored applying res judicata to sentences that do not conform to statutory postrelease-control mandates. *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30. We also reject the application of issue preclusion to sentences that do not comply with statutory mandates, as those sentences are illegal and subject to collateral attack or direct appeal by any party.

{¶ 36} But other than *Bezak,* the case law has thus far focused only on whether a defendant is barred from raising claims about a void sentence rather than on the remedy therefor. We do not disturb that precedent. Instead, our decision today revisits only one component of the holding in *Bezak*, and we overrule only that portion of the syllabus that requires a complete resentencing hearing rather than a hearing restricted to the void portion of the sentence. In light of our holding, the court of appeals in this case correctly held that Fischer's remaining claims, which did not involve a void sentence or judgment, were barred by res judicata.

**{¶ 37}** In so holding, we reject Fischer's claim that there was no final, appealable order in this case.

**{¶ 38}** Fischer's theory is that because the trial court did not properly apply postrelease-control sanctions, his sentence was void under *Bezak*. Because his sentence was void, he contends, there was no sentence, and without a sentence, no conviction and no final order. See *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182 ("a 'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty" [emphasis sic]); *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus (to be a final, appealable order, a judgment of conviction must include the sentence). In Fischer's view, the absence of a conviction means the absence of a final, appealable order, and the absence of such an order deprived the court of appeals of its jurisdiction over the initial appeal, thereby rendering that appeal invalid. The argument, though creative, fails.

**{¶ 39}** Nothing in *Baker* discusses void or voidable sentences. Rather, the syllabus speaks only to the requirement that the judgment of conviction set forth "the sentence" in addition to the other necessary aspects of the judgment. The judgment in this case did set forth the sentence. The fact that the sentence was illegal does not deprive the appellate court of jurisdiction to consider and correct the error. In fact, R.C. 2953.08(G)(2)(b) expressly authorizes a reviewing court to modify or vacate any sentence that is "contrary to law." Clearly, no such authority could exist if an unlawful sentence rendered a judgment nonfinal and unappealable. Thus, *Baker* does not avail Fischer.

## IV

**{¶ 40}** Our intention today is to provide a clear, simple, and more workable solution to a vexing issue without compromising the interests of fairness. In balancing those interests here, we have carefully considered the law in a combined effort to craft the most equitable solution. We therefore hold that

14

void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack. We further hold that although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.

Judgment affirmed.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., dissents.

BROWN, C.J., not participating.

_____

**LANZINGER, J., dissenting.**

{¶ 41} I respectfully dissent from today's decision and its limitation of a defendant's right to appeal after obtaining resentencing of a "void" sentence. Unless we were to frankly overrule the aberrant cases on void sentences, I would accept the appellant's proposition of law and reverse the judgment of the court of appeals.

{¶ 42} The majority holds that void sentences are "not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack." But it holds further that "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." In other words, a sentence that is "void" because of an error in imposing postrelease control is now only "partially void."

**{¶ 43}** Consequently, an appeal may be taken of any postrelease-control error at any time, but apparently the court of appeals is to correct only the erroneous portion of the sentence, rather than conduct a de novo sentencing hearing. This holding effectively overrules the second sentence of the syllabus in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.[3]

**{¶ 44}** I respectfully dissent because I believe that it would be more sensible for us to completely abandon *Bezak* and its progeny and instead hold that these errors are correctable on direct appeal within the usual time for appellate review. This approach honors Ohio legal precedent, promotes judicial economy, and treats both the state and defendants equally and fairly.

### I. The Majority Has Redefined the Term "Void"

**{¶ 45}** Before the line of cases starting a mere three years ago with *Bezak*, this court repeatedly held that sentencing errors are nonjurisdictional and that these errors are properly corrected on appeal. See *State ex rel. Shackleford v. Moore*, 116 Ohio St.3d 310, 2007-Ohio-6462, 878 N.E.2d 1035, ¶ 5; *Childers v. Wingard* (1998), 83 Ohio St.3d 427, 428, 700 N.E.2d 588; *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038; *Blackburn v. Jago* (1988), 39 Ohio St.3d 139, 529 N.E.2d 929. A sentence is not "void ab initio" if a mistake was made during its imposition; it is voidable. "Void" and "voidable" are fundamental legal terms. In 2007, we set forth clear definitions of those terms in *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E. 2d 306, ¶ 27.[4]

---

3. Notably, this also overrules paragraph one of the syllabus in last year's decision in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958 ("For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio").

4. Although the majority cites *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 103, as an example of this court using the term "void" in reference to judgments containing nonjurisdictional errors, both the majority and concurring opinions in *Payne* corrected this mistake. See *Payne*, at ¶ 27-30, and at ¶ 32-35 (Lanzinger, J., concurring).

**{¶ 46}** Within the past year, a unanimous United States Supreme Court also had no trouble in defining the term "void": "A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed.1933); see also *id*., at 1709 (9th ed.2009). Although the term 'void' describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally *id*., §12." *United Student Aid Funds, Inc. v. Espinosa* (2010), __ U.S. __, 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158. The court's opinion continues: " *'A judgment is not void,' for example, 'simply because it is or may have been erroneous.'* " (Emphasis added.) Id., quoting *Hoult v. Hoult* (C.A.1, 1995), 57 F.3d 1, 6.

**{¶ 47}** Redefinition of the term "void" to include sentences containing errors in postrelease control is an entirely unnecessary reaction to the consequences of the "modern era"[5] cases relied on in the majority opinion. According to these recent cases, a sentence is void, i.e., a nullity, and everything that occurs after the sentence is also a nullity, until a valid sentencing occurs. See *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 14-21. Logically, then, the void-sentence doctrine should allow defendants to pursue a second direct appeal after a resentencing, since the resentencing is the first "valid" sentence.

**{¶ 48}** A more troublesome part of the majority's holding is that although the sentence remains "void," a defendant will not receive the benefit of the

---

5. The earliest of these cases, *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774, summarily held a sentence imposing less than a mandatory minimum to be void. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, the first postrelease-control case, was decided in 2004.

resentencing mandated by R.C. 2929.19, which protects defendants' due process rights.[6]

## II. Sentencing Errors Are Correctable on Direct Appeal

{¶ 49} An approach that deems certain sentences "illegal" or "partially void" is ill-suited for Ohio law. A close reading of cases from other jurisdictions cited in the majority opinion reveals that the cited cases arise from a variety of factual circumstances and procedural postures far removed from a judge's error in imposing postrelease control. Many of these jurisdictions rely upon statutes or rules that give their courts the power to review erroneous or "illegal" sentences at any time. The majority's approach has been rejected by the federal courts, which now correct sentencing errors with the method used by Ohio prior to *Bezak*.

{¶ 50} More than two decades ago, language was eliminated from the federal rules that allowed courts to correct an "illegal sentence" at any time. P.L. No. 98-473, 98 Stat. 2015. Fed.R.Crim.P. 35(a) now provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." However, if a federal sentencing error is not correctable under this rule or under Fed.R.Crim.P. 36 as a clerical error, it may be corrected only on direct appeal or, in limited cases, by a writ of habeas corpus under Section 2255, Title 28, U.S.Code. See generally *United States v. Collins* (Apr. 26, 2010), N.D.Ill. No. 04 CR 709, 2010 WL 1727852. Rather than follow

---

6. R.C. 2929.19(A) states, "The *court shall hold a sentencing hearing* before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and *before resentencing an offender* * * *. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative * * * and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender." (Emphasis added.)

a system rejected by the federal courts, it would be more "palatable" to follow the current federal system that has been in place since 1987.[7]

{¶ 51} Ohio's rules and statutes currently do not allow for correction of sentences "at any time." Thus, sentencing errors must be corrected on direct appeal. Indeed, this method is consistent with the statute governing appellate review of sentences. R.C. 2953.08(G) does allow appellate courts a number of options to correct sentences that fail to comply with statutory requirements. But that statute also properly limits these options so that courts may exercise them only on *direct appeal*. This ensures finality in sentencing while still allowing for the correction of any errors as part of an appeal as of right, either by the defendant or the state.

### III. A Return to Historical Distinctions Will Promote Justice and Finality

{¶ 52} It is time to return to the historic, narrow, and accurate view of void judgments as being those rendered without jurisdiction. See *Ex parte Winslow* (1915), 91 Ohio St. 328, 330, 110 N.E. 539 (if a court did not act under a statute, the sentence was erroneous and voidable, not void); *Stahl v. Currey* (1939), 135 Ohio St. 253, 14 O.O. 112, 20 N.E.2d 529 (jail sentence imposed by a magistrate who is not statutorily authorized to impose such a sentence is not void, but only voidable, because the magistrate did not wholly lack jurisdiction to impose a sentence); *Carmelo v. Maxwell* (1962), 173 Ohio St. 569, 570, 20 O.O.2d 170, 184 N.E.2d 405 (a sentence imposed contrary to the terms of a statute is not void). Limiting the term "void" to cases in which a court acts without jurisdiction is a deeply rooted concept in this court's decisions and was

---

7. See *United States v. Terzado-Madruga* (C.A.11, 1990), 897 F.2d 1099, 1123 ("The effective date of the Sentencing Reform Act of 1984, Pub.L. 98-473, 98 Stat. 1837, 1987 (1984) was set out in Sec. 235(a)(1), which provided for the Act to take effect on November 1, 1987. Pub.L. 98-473, Title II, Ch. II, Sec. 235(a)(1), October 12, 1984, 98 Stat. 2031, as amended by Section 4 of Pub.L. 99-217, December 26, 1985, 99 Stat. 1728").

the law of Ohio in regard to sentencing errors as recently as 2007. This approach — not a repackaging of the void-sentence doctrine — honors Ohio precedent.

{¶ 53} The real question here is: "What is the proper remedy when a judge makes a sentencing mistake?" Our sentencing statutes recognize the possibility that a judge may err in sentencing by allowing parties 30 days to appeal sentences on grounds that they are contrary to law.[8] Allowing for challenges to sentencing error on direct appeal gives the state and the defense ample opportunity to draw attention to any potential postrelease-control error, thus satisfying any constitutional concerns arising from an imperfect sentence. Licensed attorneys should be competent to perform their duties during a sentencing hearing, and it is not unreasonable for prosecutors and defense counsel to review the judgment issued in a case to ensure that the sentence complies with Ohio law. *This* approach is the pragmatic approach—equitable, economical, and efficient. Most importantly, it is the approach contained in Ohio's sentencing scheme, which provides for direct appeal by either party in a criminal case. See R.C. 2953.08.

{¶ 54} The majority has essentially elevated postrelease-control mistakes to the level of "super-error" to allow untimely challenges to parts of the sentence that could very easily be brought on direct appeal and corrected as other sentencing errors are. While it is critical that sentences comply with statutory mandates, any concern over mistakes omitting mandatory postrelease control could easily be obviated if all prosecutors and defense attorneys attended the sentencing hearings and reviewed the sentencing entries in their cases.

{¶ 55} The General Assembly has created a prospective remedy for the problem of postrelease-control notification by enacting R.C. 2929.191, but

---

8. R.C. 2953.08(B)(2) provides prosecutors with an appeal as a matter of right in felony cases on grounds that the sentence is contrary to law. R.C. 2953.08(A)(4) provides defendants with the same right to appeal.

according to our holdings in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, the rules announced today apply to sentences imposed before July 11, 2006.

{¶ 56} It is hoped that this decision today is truly limited to a discrete vein of cases: those "in which a court does not properly impose a statutorily mandated period of postrelease control," in other words, only those cases in which the state has not obtained a mandatory monitoring period in addition to a defendant's prison sentence. My fear is that the broad language in the majority opinion has the potential to apply to other statutory mandates, creating other "void" sentences that may be infinitely appealable, and then modified without a full rehearing under R.C. 2929.19(A).

### IV. Conclusion

{¶ 57} We can easily correct the problems arising from the void-sentence doctrine by simply clarifying that mistakes in imposing sentences make the sentence merely voidable, that is, subject to being reversed on direct appeal. I therefore respectfully dissent.

_____

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven DiMartino, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Claire R. Cahoon, Assistant Public Defender, for appellant.

Kelly R. Curtis, urging reversal for amicus curiae Ohio Association of Criminal Defense Attorneys.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, urging reversal for amicus curiae Cuyahoga County Public Defender.

Mathias J. Heck Jr., Montgomery County Prosecuting Attorney, and Carly J. Ingram, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.

_____